LENA GROSS, MORRIS GROSS and CARL GROSS, by Guardian ad Litem, Plaintiffs, *v.* IRVING SCHLOSSBERG and Another, Defendants.

Supreme Court, New York County. December 17, 1941.

*Levy & Hartman [Louis Goldfarb* of counsel], for the plaintiffs.

*Daniel Miner |Daniel R. Harvey* of counsel], for the defendant Irving Schlossberg.

DIAMOND, J. Plaintiffs Lena Gross and Carl Gross move for a severance of their actions after trial by jury while the defendant Schlossberg moves to set aside the verdict.

The above-entitled action was tried before the court and a jury, together with three other actions consolidated by prior order of the court. The jury returned a verdict in favor of Morris Gross who was the driver of an automobile in which his wife, Lena, and infant son were passengers. The jury awarded Morris Gross special damages in the sum of $445.50, property damage in the sum of $290 and the sum of $300 for his pain and suffering, a total of $1,035.50. The amounts of special damages and property damage were stipulated. The amount of special damages included moneys expended by Morris Gross for hospitalization and medical treatment received by his wife and son. The jury's verdict was silent as to the two passengers. On its own initiative, the jury's verdict included a finding that the defendant Schlossberg was solely responsible for the accident. The court had dismissed the complaint as against the second defendant.

The court has carefully examined the cases cited by the parties but finds them not to be controlling. Independent research upon the part of the court has failed to disclose a reported case in point. In the interests of justice and in the exercise of its discretion, the court has decided to grant the motion of the plaintiffs Lena Gross and Carl Gross for a severance of their actions and to award a new trial as to them. Defendant's motion is denied.

Section 96 of the Civil Practice Act states that " an action may be severed * * * whenever it can be done without prejudice to a substantial right." Not only can this severance be ordered without prejudice to a substantial right but on the contrary, if defendant's motion were granted, prejudice to a substantial right would affirmatively result. The jury here has specifically found the defendant Schlossberg to be solely responsible for the accident. It has assessed the damages in favor of · the plaintiff Morris Gross. It has awarded him his out-of-pocket expenses incurred by him as a result of the accident for the benefit of his wife and infant son. No good would be served by compelling him again to litigate the subject-matter of his claim. There was no verdict one way or the other in the passenger cases.

It would, therefore, seem proper that a new trial be ordered as to the two passengers. Submit order.